IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW B. KREPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 8787 |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey N. Cole |
| NIIT (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO
REQUIRE NIIT TO PAY FOR DEPOSITION OF TESTIFYING EXPERT**

Plaintiff Matthew B. Krepps, by counsel, hereby moves for an order requiring that NIIT (USA), Inc. ("NIIT") pay reasonable fees in connection with its deposition of Dr. Krepps with regard to his expert opinions. In support of this motion, movant states as follows:

1. One issue in this suit is the value attributable to Dr. Krepps' exercise of the "Conversion Option" under the Joint Venture Agreement, which provides a formula and certain assumptions for arriving at that valuation.

2. Plaintiff, who holds a Ph.D. in Business Economics from Harvard University, and who has extensive professional experience preparing expert testimony, has been designated to provide expert opinion testimony at trial. Information on Dr. Krepps' experience and customary rates is contained in his Declaration, attached as Exhibit A hereto.

3.  Plaintiff originally designated Dr. Krepps as an expert not required to provide a written report pursuant to the terms of Rule 26(a)(2)(B), which requires a written report only "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

4.  NIIT took the position that Dr. Krepps was required to provide a written report if he wished to testify to his valuation opinions. Rather than contest the point, plaintiff agreed to provide, and did provide, a written report in compliance with Rule 26(a)(2)(B).

5.  NIIT now wishes to take Dr. Krepps' deposition with regard to his expert report and opinions, and that deposition (along with the completion of Dr. Krepps' deposition with regard to factual matters) is scheduled for November 4, 2013.

6.  Plaintiff has indicated to NIIT that if it wishes to take Dr. Krepps' deposition as an expert who may testify, NIIT will need to pay Dr. Krepps his reasonable and customary fees. NIIT refuses to agree to this. The parties have conferred on this issue in a good-faith effort to resolve the issue, but have been unable to do so.

7.  Rule 26(b)(4)(A) provides that a party "may depose any person who has been identified as an expert whose opinions may be presented at trial."

8.  Rule 26(b)(4)(E) provides: "Unless manifest injustice would result, the court must require that the party seeking discovery . . . (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ." "[B]efore

refusing to order a deposing party to pay the other party's expert, the district court must explicitly find either manifest injustice or that the fee was unreasonable." *Gwin v. Am. River Transp. Co.,* 482 F.3d 969, 975 (7th Cir. 2007).

9.      The language of Rule 26(b)(4)(E) is categorical, and does not admit of an exception because a highly qualified expert happens to be a party to the lawsuit.

Accordingly, movant respectfully requests this Court to direct that NIIT be required to pay Dr. Krepps a reasonable fee for his deposition testimony (along with fees for preparation time and expenses as are customary in this district) if it wishes to take his deposition as an expert.

>                              Respectfully submitted,
>
>                               /s/ Matthew D. Tanner

Matthew D. Tanner (ARDC 6202508)
Richard H. Lehman
TANNER & LEHMAN LLC
53 West Jackson Boulevard, Suite 400
Chicago, Illinois 60604
312.588.1970