**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW B. KREPPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 11 C 8787 |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| **NIIT (USA), INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

The plaintiff has requested an order requiring that the defendant pay the reasonable fees incurred in connection with its deposition of the plaintiff's expert pursuant to Rule 26(b)(4)(E), which expressly allows for such payments. What makes the case unusual is that the plaintiff has designated himself as his own expert and insists that he is entitled to be paid for his testimony. Dr. Krepps is a Harvard trained economist, who worked for a time at Lexecon. While there, he says, he "contributed to numerous expert reports that were utilized in state and federal courts throughout the United States and in foreign countries including Canada, Australia, and Indonesia." He has published "numerous academic papers in leading peer-reviewed journals employing the techniques and methodologies utilized in [his] expert report."

Dr. Krepps says that the "lowest fee he charges" for work implicating his training and experience is the lesser of $5,000 per day (or roughly $700 per hour) or $2,000 for shorter periods of time, plus expenses, which includes "business class expenses" on airlines, and in lodging and meals. Despite these rather heady rates, Dr. Krepps has said that he is quite successful, doing 6 to 10 engagements per year over the past decade. (*See* Plaintiff's Motion, Ex. A, Declaration of Dr.

Matthew Krepps). The defendant has balked not only at paying Dr. Krepps's steep rates, but at paying him anything for the time spent in being deposed as an expert in his own case. It is the plaintiff's position that the "plain language" of Rule 26(b)(4)(E)(i) requires that an expert – regardless of whether he is a party or an independent third person – be paid by the party seeking discovery. As Justice Frankfurter said in another context, "this is a horse soon curried." *Olberding v. Illinois Cent. R. Co.,* 346 U.S. 338, 340 (1953).

## ANALYSIS

Rule 26(b)(4)(E)(i) states, in pertinent part: "Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ." The plaintiff argues that the "plain language" of Rule 26(b)(4)(E) is "categorical;" it makes no distinction between a third party expert and a party serving as his own expert. In the plaintiff's view, in either case, the party taking the deposition must pay the deponent. This argument is oversimplified and ignores the fact that statutory interpretation "'depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.'" *Chamber of Commerce of U.S. v. Whiting,* _U.S._, 131 S.Ct. 1968, 1988 (2011). *See also United States v. Hagler,* 700 F.3d 1091, 1097 (7th Cir. 2012).

No one has said it better than Learned Hand. "Of course it is true that the words used, even in their literal sense, are the primary, and ordinarily the most reliable source of interpreting the meaning of any writing: be it a statute, a contract, or anything else. But it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and

2

imaginative discovery is the surest guide to their meaning." *Cabell v. Markham*, 148 F.2d 737, 739 (2nd Cir.1945) (L. Hand, J.). *Accord United States v. Costello,* 666 F.3d 1040, 1043-1044 (7th Cir.2012)(Posner, J.)."Statutory interpretation is not a game of blind man's bluff. Judges are free to consider statutory language in light of a statute's basic purposes." *Dole Food Co. v. Patrickson,* 538 U.S. 468, 484 (2003) (Breyer, J., concurring in part and dissenting in part); *Behrens v. Pelletier,* 516 U.S. 299, 324 (1996) (Breyer, J., dissenting)("[M]eaning in law depends upon an understanding of purpose. Law's words, however technical they may sound, are not magic formulas; they must be read in light of their purposes, if we are to avoid essentially arbitrary applications and harmful results.").

Finally, to require that a party serving as his own expert be paid for being deposed would be unfair to the party taking the deposition. "[T]he purpose[] of Rule 26(b)(4)(E) . . . is to ensure that a party seeking discovery in the form of a deposition . . . does not obtain for free what the other party has paid for." *Se-Kure Controls, Inc. v. Vanguard Prods. Group*, 873 F. Supp. 2d 939, 959 (N.D. Ill. 2012). *See also LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 5008425, 6 (N.D. Ill. 2011) (Rule 26(b)(4)(E) was designed to "'meet the objection that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side had paid, often a substantial sum'").[1] Where a party is serving as his own expert, there is no outlay of money to a third person and the party taking the deposition is not obtaining without cost that which is opponent has had to pay for. Consequently, one of the animating purposes of Rule 26(b)(4)(E) is not offended.

While the discovery rules were designed to end what Wigmore called the "sporting theory of justice," *Miller v. Lenz,* 2010 WL 252287, 6-7 (N.D.Ill.2010), they did not abolish the "American

---

[1] Rule 26(b)(4)(E) (formerly Rule 26(b)(4)(C)) was created so that a court could order that an "expert be paid a reasonable fee for time spent in responding to discovery, and that the party whose expert is made subject to discovery be paid a fair portion of the fees and expenses that the party incurred in obtaining information from the expert." (Rule 26, 1970 Advisory Committee Note).

3

rule's" basic concept that in the absence of some specific cost shifting provision either in the rules or in a statute, each party should bear his own litigation expenses, which includes not only fees but costs. *See Kansas v. Colorado* 556 U.S. 98, 102-103 (2009). To accept the plaintiff's interpretation of Rule 26(b)(4)(E) would be antithetical to the American system's preference for parties to bear their own costs, for it would require a party to pay a party/expert for time spent in an adversarial deposition even though he had incurred no costs and thus there was nothing to be reimbursed.[2]

Finally, the plaintiff's reading of Rule 26(b)(4)(E)(i) does not fit comfortably with the section of the Rule immediately following it. Rule 26(b)(4)(E)(ii) provides that if discovery is taken pursuant to Rule 26(b)(4)(D) – which deals with discovery of an expert who has been retained or specially employed by the opposing in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness – the court must require that the party seeking discovery pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions. This subsection quite clearly envisions a duality between the party and the expert employed for trial preparation and the party retained or specially employed by the party against whom discovery is sought. It would be odd, to say the least – and there is no hint of this – that the drafters of the Rule would have structured successive subsections of the same rule having the same purpose and involving essentially comparable situations in a way that would yield quite different results.

Finally, the Rule is quite clear that fee shifting is mandatory unless "manifest injustice" would result. We think that is exactly what would happen here were Rule 26(b)(4)(E)(i) interpreted in the

---

[2] For example, Dr. Krepp's acknowledged that since he is a party, he did not pay himself for his expert report. (Defendant's. Response at 1).

fashion urged by the plaintiff. For it would result in the payment of money to a party acting as his own expert even though he had incurred no cost that should in fairness be borne by the party seeking his deposition. That is not appropriate cost shifting, but rather the inappropriate subsidization of the other side's case.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/22/13