# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW B. KREPPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 8787 |
| v. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| NIIT (USA), INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Mr. Krepps has filed a motion for reconsideration of the Memorandum Opinion of January 24, 2014. Mr. Krepps argues that the court misapprehended a salient fact that would have changed the outcome of the Motion for Summary Judgment.

Mr. Krepps claims that he alleged that Cognitive Arts had multiple three-way agreements with Insead and Economist's Advantage. But Mr. Krepp's Local Rule 56.1 statement of facts did not allege the existence of multiple three-way agreements. It alleged but a single three-way agreement with several drafts. (Dkt. #69, ¶ 8). Anyone who has ever been involved in contract negotiation knows that virtually all contracts go through multiple drafts before a "contract" within the legal definition of the term comes into being. Until then, there is nothing – at least where contract formation is dependent upon the execution of the written agreement. *Loop Paper Recycling, Inc. v. JC Horizon Ltd.,* 2010 WL 1655254 (N.D.Ill.2010). Simply stated, a draft of a contract is not a contract. It is the antithesis of a contract, which requires an offer, an acceptance, and mutual consideration.[1]

---

[1] One may wonder whether more drafts of the Asset Purchase Agreement would have made the final product better or worse.

The point of the litigation in New York that the motion for reconsideration refers to was that there was a *single* agreement among Insead, Cognitive Arts, and Economist's Advantage. The problem was that each side had a different version of what that single agreement consisted of, based on the multiple drafts. But the drafts were not the equivalent of multiple contracts. It is true that NIIT left this paragraph out of its response to Mr. Krepp's statement of facts. (Dkt. #73). But that was of no moment, because nothing was said about multiple three-way agreements that were assignable – drafts, obviously, are not, as the Memorandum Opinion noted. If this were the problem Mr. Krepps now contends it is, he had ample opportunity to point it out when he filed his 56.1 reply to NIIT's response. N.D.Ill. L.R. 56.1(a). He filed no reply. If there were multiple, valid three-party agreements that NIIT could have become obligated under, Mr. Krepps never said so. It's too late to do so now. "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 956 (7th Cir. 2013).

In the end, it makes no difference because the Memorandum Opinion at page 10 points out that under Georgia's rules of construction, Mr. Krepps had the better of the argument anyway. The motion for reconsideration [Dkt. #117] is DENIED.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/27/14